IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
**(Memorandum Web Opinion)**

STATE V. LAY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHIT LAY, APPELLANT.

Filed February 3, 2026.    No. A-25-449.

Appeal from the District Court for Douglas County: JEFFREY J. LUX, Judge. Affirmed.

Natalie M. Andrews, of Chandler | Conway, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

### INTRODUCTION

Chit Lay appeals his plea-based convictions and sentences in the Douglas County District Court for manslaughter, use of a deadly weapon (firearm) to commit a felony, and possession of a firearm by a prohibited person. He claims that his sentences were excessive and that he received ineffective assistance of trial counsel. We affirm.

### STATEMENT OF FACTS

Lay was originally charged by information with murder in the first degree, a Class IA felony; use of a weapon (firearm) to commit a felony, a Class IC felony; and possession of a deadly weapon by a prohibited person, a Class ID felony. An amended information reduced the murder charge to manslaughter, a Class IIA felony, and the other two charges remained the same. Lay pled no contest to the amended charges. The amended information does not appear in the transcript filed with this court but is contained in the presentence investigation report (PSR).

At the plea hearing, the district court informed Lay of his options regarding entering a plea, the constitutional rights that he would be giving up by entering a plea, the charges he was pleading to, and the possible penalties. Lay indicated that he understood his rights, the charges, the possible penalties, and the consequences of entering a plea. Lay affirmed that he had not received any threats or inducements to enter his pleas and that he was doing so freely and voluntarily. Lay agreed that he had enough time to discuss the case with his attorneys, that he discussed with his attorneys the evidence and defenses he thought he had, and that he was satisfied with his attorneys and believed they had properly represented him throughout the case.

The factual basis given at the plea hearing indicated that on March 10, 2024, the victim was shot and killed at Fontenelle Park. Another individual, Way Say, was identified as the shooter. Lay was involved in the events leading up to the shooting. Lay was observed having a discussion with the victim and putting his arm around the victim's neck. Lay then hit the victim in the head with a firearm, causing him to fall to the ground. This sequence of events resulted in Say shooting the victim in the chest. Say and Lay left the scene and were later taken into custody in Iowa. Say and Lay gave their guns to another individual to dispose of, which he did by throwing them under an underpass. The guns were later recovered. A certified copy of Lay's prior conviction was received in evidence.

The district court found beyond a reasonable doubt that Lay understood the nature of the charges and the possible sentences. The court found that Lay's pleas were made freely, intelligently, voluntarily, and understandingly, and that there was a factual basis for the pleas. The court further found that there was a valid prior conviction for the purpose of showing that Lay was prohibited from possessing a firearm.

Following a presentence investigation, Lay was sentenced to 14 to 18 years' imprisonment for manslaughter, 30 to 40 years' imprisonment for use of a weapon to commit a felony, and 20 to 30 years' imprisonment for possession of a firearm by a prohibited person. The counts were ordered to be served consecutively.

Lay filed a timely appeal.

ASSIGNMENTS OF ERROR

Lay assigns that the district court abused its discretion by imposing an excessive sentence. Lay further assigns, summarized, that his trial counsel was ineffective in (1) failing to have the homicide weapon tested for a DNA profile and (2) failing to investigate and interview lay witness Moe Thu. Lay further assigns that the cumulative errors of counsel in the above regards denied him a meaningful opportunity to present a complete defense.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

An appellate court resolves claims of ineffective assistance of counsel on direct appeal only where the record is sufficient to conclusively determine whether trial counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged

- 2 -

deficient performance as matters of law. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*. Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *Id*.

ANALYSIS

*Excessive Sentence Claim.*

Manslaughter is a Class IIA felony, punishable by up to 20 years' imprisonment. See Neb. Rev. Stat. § 28-305 (Reissue 2016) and Neb. Rev. Stat § 28-105 (Supp. 2025). Lay's sentence of 14 to 18 years' imprisonment on this charge was within the statutory limits. Use of a firearm to commit a felony is a Class IC felony, punishable by a mandatory minimum of 5 years' imprisonment and maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-1205(1)(c) (Cum. Supp. 2024) and § 28-105. Lay's sentence of 30 to 40 years' imprisonment on this charge was within the statutory limits. Finally, possession of a firearm by a prohibited person is a Class ID felony, punishable by a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-1206(3)(b) (Reissue 2016) and § 28-105. Lay's sentence of 20 to 30 years' imprisonment on this charge was within the statutory limits.

Lay argues that his total sentence of 64 to 88 years' imprisonment was an abuse of discretion and that the sentencing factors supported a substantially shorter sentence. He points to his age of 26 at the time of sentencing, his demonstrated remorse and acceptance of responsibility, and his social and cultural background in having grown up in a refugee camp. Lay also notes that he is college educated and spent part of his young life as a correctional officer.

Because it is undisputed that Lay's sentences fall within the statutory limits, the question is whether the district court abused its discretion in the sentences it imposed upon him. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Rejai, supra.*

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

We further note that Lay's claim that the court failed to properly weigh the relevant factors relating to sentencing is merely a request for this court to conduct its own de novo review of those factors. It is not the proper function of an appellate court to conduct a de novo review of the record to determine what sentence it would impose. *Id.*

The presentence investigation report (PSR) contains Lay's criminal history. As a juvenile, he received diversion for possession of marijuana, less than an ounce. As an adult, Lay has been convicted of theft by receiving stolen property, flight to avoid arrest, theft in the fourth degree, and carrying a concealed weapon (twice). On the "Level of Service/Case Management Inventory," Lay

scored in the very high risk range overall. Lay reported a history of alcohol, marijuana, and methamphetamine use. He was intoxicated and under the influence of marijuana at the time of the offense.

At sentencing, the district court indicated that it had received and reviewed the PSR, along with letters of support for Lay and a publication regarding intergenerational trauma in refugee families. The court outlined the statutory factors it considered, including Lay's background. It noted the permanent repercussions of Lay's actions being the death of the victim, a husband and father, over a "piddly amount of money."

The record shows that the district court considered the relevant factors in pronouncing sentence. We see no abuse of discretion.

*Ineffective Assistance of Counsel Claims.*

Lay first assigns that his trial counsel was ineffective for failing to have the homicide weapon tested for a DNA profile as he requested of his counsel, thereby denying him a meaningful opportunity of a complete defense. Next, Lay assigns that his trial counsel was ineffective for failing to investigate and interview lay witness Moe Thu, as he would have testified that Lay did not aid, abet, or cause the death of the victim, thus contravening Lay's constitutional right to present a complete defense. Lay claims that but for these cumulative errors, he would not have entered a plea to the homicide.

Before addressing Lay's claims that he received ineffective assistance of trial counsel, we first set forth certain legal principles and procedural requirements that govern such claims on direct appeal.

When reviewing an ineffective assistance of counsel claim on direct appeal, the question is whether the record affirmatively shows that the defendant's trial counsel's performance was deficient, and that the deficient performance actually prejudiced the defendant's defense. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025). There is a strong presumption that counsel acted reasonably, and an appellate court will not second-guess reasonable strategic decisions. *Id*. Ultimately, the Constitution guarantees criminal defendants only a fair trial and a competent attorney. *Id*.

As mentioned above, on direct appeal, an appellate court only addresses claims of ineffective assistance of counsel that can be conclusively determined from the record. *Id*. The record on appeal is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires examination of facts not contained in the record. *Id*.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Id*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice. *Id*. With these legal principles in mind, we address Lay's claims of ineffective assistance of trial counsel.

*Failure to Test Homicide Weapon.*

Lay asserts that prior to trial, he requested trial counsel to have the firearm attributed to his co-defendant, Say, tested for a DNA profile. The basis for this request, according to Lay, is that the State's accomplice liability theory against Lay, pursuant to Neb. Rev. Stat. § 28-206 (Reissue 2016), relied upon the alleged facts that Lay provided the firearm to Say shortly before the homicide and encouraged Say to use the firearm against the victim. Lay argues that had counsel tested this firearm, it would have produced results demonstrating that his DNA profile was not on the weapon. Lay points to the deposition testimony of certain eyewitnesses who did not testify that Lay provided the firearm or encouragement of Say to utilize his weapon. Lay submits that had the DNA evidence been obtained prior to his plea, he would have proceeded to a jury trial rather than enter a plea.

This claim is refuted by the record. At the plea hearing, Lay agreed that he had enough time to discuss the case with his attorneys, that he discussed with his attorneys the evidence and defenses he thought he had, and that he was satisfied with his attorneys and believed they had properly represented him throughout the case. Lay did not dispute the factual basis given by the State to support the charge of manslaughter.

In addition, Lay cannot show prejudice by counsel's failure to have the homicide weapon tested for DNA. It was not necessary to show that Lay provided the firearm used by Say in the shooting in order to charge Lay as an accomplice. A person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender. See § 28-206. Information from witness statements in the PSR shows that Lay was clearly involved in the events that led to the altercation with the victim, including encouraging Say to rob a group of people at the park. Further, Lay made the initial physical contact with the victim, hit the victim with the firearm in his possession, and knocked him to the ground, at which time Say shot the victim. There was more than sufficient information to convict Lay as an accomplice to the shooting death regardless of whether he provided the weapon to Say. There was also information in the PSR to support that both Lay and Say possessed guns when they arrived at the park. Thus, testing the murder weapon for Lay's DNA would not have exonerated Lay.

This claim of ineffective assistance of counsel fails.

*Failure to Interview/Investigate Lay Witness.*

Lay asserts that had trial counsel interviewed and/or deposed the eyewitness, Moe Thu, as Lay requested of counsel, he would not have entered pleas to the charges. Lay argues that Thu would have testified that he was at the park on the day of the homicide and witnessed the dispute between Say and the victim. Lay further argues that Thu would have described that Lay was nearby but was not encouraging Say in any way and did not provide Say with the firearm used in the homicide.

Again, we find that the record refutes this claim. Lay affirmed that he had discussed with his attorneys the evidence and available defenses, and was satisfied with their work, believing that they had properly represented him. And, as we also found above, Lay cannot show prejudice by the failure to further investigate this witness. There was ample information about Lay's involvement in the events which led to the shooting to support the charge of manslaughter.

This claim of ineffective assistance of counsel fails.

*Cumulative Error.*

Lay alleges that due to the two claims of ineffective assistance of counsel above, he was unable to present a complete defense, and that but for these errors, he would have insisted on going to trial rather than entering his pleas. Because we have found that Lay's claims are refuted by the record and he is unable to show prejudice, the doctrine of cumulative error is not applicable. See, e.g., *State v. Vazquez*, 319 Neb. 192, 216, 21 N.W.3d 615, 646 (2025); *State v. Corral*, 318 Neb. 940, 994, 20 N.W.3d 372, 414 (2025); *State v. Dap*, 315 Neb. 466, 480, 997 N.W.2d 363, 375 (2023).

## CONCLUSION

The district court did not abuse its discretion in the sentences imposed upon Lay. We reject Lay's claims of ineffective assistance of counsel as they are refuted by the record, and he is unable to show prejudice.

AFFIRMED.